IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DGU GROUP INC.,<br><br>                     *Plaintiff,*<br><br>v.<br><br>THE INDIVIDUAL, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>                     *Defendants.* | CIVIL ACTION<br>NO. 23-2022 |

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

**AND NOW**, this 28th day of September, 2023, upon consideration of Plaintiff's Agreed Motion to Enter Consent Judgment and Permanent Injunction against The Best Way of Life (Defendant No. 22), The Best JOY BUY (Defendant No. 29), and Sell Better (Defendant No. 25), (ECF 41), it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED**.

**STIPULATED FINDINGS OF FACT AND CONCLUSIONS
OF LAW**

      A.    Plaintiff DGU Group Inc ("Plaintiff") have entered into a Confidential Settlement Agreement with Defendants The Best Way of Life (Defendant No. 22), The Best JOY BUY (Defendant No. 29), and Sell Better (Defendant No. 25) (the "Consenting Defendants") to resolve all disputes between Plaintiff and Consenting Defendants. Pursuant to the terms of the Confidential Settlement Agreement, the parties stipulate to the following findings of fact and conclusions of law and consent to the entry of this

Consent Judgment and Permanent Injunction.

B. Plaintiff is the owner of all right, title, and interest in and to the word mark FRONTWALK and the U.S. Trademark Registration No. 6,893,436 (the "FRONTWALK Mark"), and develops, markets, and sells products in the United States interstate commerce using the FRONTWALK Mark.

C. Consenting Defendants make, use, offer for sale, sell, and import into the United States products using the FRONTWALK Mark or the confusing similar versions of the FRONTWALK Mark, causing a likelihood of confusion among consumers in the United States.

D. Consenting Defendants consent to this Court's personal jurisdiction over them in this action. Personal jurisdiction over the Consenting Defendants is proper because Consenting Defendants directly targeted their business activities toward consumers in the United States, including Pennsylvania. Specifically, Consenting Defendants set up and operated online stores that targeted United States consumers, offered shipping to the United States, including Pennsylvania, and accepted payment in U.S. dollars and/or funds from U.S. bank accounts. In addition, each Consenting Defendant did stand ready, willing, and able to ship its infringing goods to customers in Pennsylvania.

E. Consenting Defendants negotiated the Confidential Settlement Agreement through counsel, Jia Tu, of Guang Dong Pengke Law Firm, who represents the Consenting Defendants for the limited purpose of settlement discussion and chooses not to enter an appearance. Plaintiff's counsel has filed the certificate regarding uncontested motion pursuant to Local Civil Rule 7.1(b).

F.  In light of the above, this Court finds that Consenting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), and false designation of origin (15 U.S.C. § 1125(a)).

It is hereby **ORDERED** as follows:

1. Judgment is hereby entered against Consenting Defendants and in favor of Plaintiff in the above-captioned action.

2. Consenting Defendants, their officers, agents, employees, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from the following acts:

   a. using the FRONTWALK Mark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff's product or not authorized by Plaintiff to be sold in connection with the FRONTWALK Mark;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff's product or any other product originated from Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the FRONTWALK Mark;

   c. affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent that Consenting Defendants' products as being those offered under the FRONTWALK

                Mark, or in any way endorsed by Plaintiff;

      d.    representing by any means whatsoever, directly or indirectly, that Consenting Defendants, any products or services offered by Consenting Defendants, or any activities undertaken by Consenting Defendants, are associated or connected in any way with Plaintiff and its FRONTWALK Mark;

      e.    manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff's, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiff's FRONTWALK Mark, or any reproductions, counterfeit copies or colorable imitations thereof.

3.    The parties have agreed to a damages amount to be paid by Consenting Defendants in order to settle all claims, as memorialized in the parties' Confidential Settlement Agreement (the "Damages Amount").  Consenting Defendants have elected to pay the Damages Amount from funds currently frozen in their Walmart.com ("Walmart") accounts according to the following arrangement:

| Def. # | Defendant Store Name/Alias | Merchant ID | Partner ID | Damages Amount |
|---|---|---|---|---|
| 22 | The Best Way of Life | 101137073 | 10001156434 | Six Thousand US Dollars ($6,000) |
| 29 | The Best JOY BUY | 101337701 | 10001357059 | 0.00 |
| 25 | Sell Better | 101341695 | 10001361053 | Four Thousand US Dollars ($4,000) |

4. Walmart is ordered to transfer the Damages Amount from Consenting Defendants' accounts to Plaintiff within seven (7) calendar days of receipt of this Order. Specifically, Walmart shall transfer to Plaintiff Six Thousand US Dollars ($6,000.00) from The Best Way of Life's account and Four Thousand US Dollars ($4,000.00) from Sell Better's account.

5. Upon Walmart's transfer of the Damages Amount to Plaintiff pursuant to paragraph 4, Walmart shall remove any restraints that were placed on Defendants' online stores and financial account pursuant to the Preliminary Injunction Order (ECF 20).

6. Consenting Defendants have waived notice and service of entry of the Consent Judgment and Permanent Injunction. Consenting Defendants shall give prompt notice of this Consent Judgment and Permanent Injunction to each of their respective officers, agents, servants, employees, and attorneys, and all those acting in concert with them.

7. Any claims for attorneys' fees and costs related to this Litigation and incurred through the date of entry of this Consent Judgment and Permanent Injunction have been resolved between the parties and are hereby disposed of by this Order. Nothing herein shall be construed to prohibit Plaintiff from seeking attorneys' fees and costs in connection with any actions taken to enforce this Consent Judgment and Permanent Injunction in the future.

8. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this Consent Judgment and Permanent Injunction. Plaintiff is authorized to seek to enforce the terms of this Consent Judgment and Permanent

Injunction, and shall be entitled to reasonable attorneys' fees and costs incurred for any action to enforce the terms of this Consent Judgment and Permanent Injunction based on the Defendant's failure to comply, in any way, with its obligations set forth herein.

    IT IS SO ORDERED.

BY THE COURT:

<u>/s/ Gerald J. Pappert</u>
GERALD J. PAPPERT, J.
