IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DGU GROUP INC,
*Plaintiff,*

v.

THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"

*Defendants.*

CIVIL ACTION
NO. 23-2022

**ORDER**

**AND NOW**, this 12th day of April 2024, upon consideration of DGU's Motion for Default Judgment (ECF No. 66), and all relevant filings submitted in support of its Motion, it is hereby **ORDERED** that the Motion is **GRANTED**. It is further **ORDERED**:

1. Each Defendant listed in Exhibit 1, their officers, agents, employees, attorneys, and all persons acting for, through, under or in concert with them be permanently enjoined and restrained from the following:
    a. Manufacturing, importing, advertising, promoting, offering to sell, selling, distributing or transferring any products bearing Plaintiff's FRONTWALK mark, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff;
    b. Passing off, inducing, or enabling others to sell or pass off any products as a genuine FRONTWALK product or any other product originated from Plaintiff, that is not Plaintiff's or not produced under the authorization,

control, or supervision of Plaintiff and approved by Plaintiff for sale under the FRONTWALK mark;

c. Committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by or otherwise connected with Plaintiff; and

d. Further infringing the FRONTWALK mark and damaging Plaintiff's goodwill associated therewith.

2. Upon Plaintiff's request and receipt of notice of this Order, all third-party financial institutions, payment processors, banks, escrow services, money transmitters or marketplace platforms, including but not limited to Walmart.com and its related companies and affiliates, who are providing services for any of the Defaulting Defendants (collectively, the "Third Party Providers"), shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any online product listings, promotions or advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the FRONTWALK mark.

3. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiffs are awarded statutory damages from each of the Defaulting Defendants in the amount of Five Hundred Thousand Dollars ($500,000.00) for willful use of counterfeit FRONTWALK mark in connection with the sale of products through at least the Defaulting Defendants' Online Stores.

4. Plaintiff may serve this Order on Third Party Providers, including Walmart.com, by email delivery to the email addresses Plaintiff used to serve the Temporary Restraining Order and Preliminary Injunction Order on the Third Party Providers.
5. Any Third Party Providers holding funds for Defaulting Defendants, including Walmart.com, shall within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any financial accounts connected to Defaulting Defendants' Online Stores, from transferring or disposing of any funds, up to the above identified statutory damages award, or other of Defaulting Defendants' assets.
6. All monies, up to the above-identified damages award, in Defaulting Defendants' financial accounts, including monies held by Third Party Providers in compliance with the Preliminary Injunction Order, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers, including Walmart.com, are ordered to release to Plaintiffs the amounts from Defaulting Defendants' financial accounts within seven (7) calendar days of receipt of this Order.
7. Until Plaintiffs have recovered full payment of the damages award from any Defaulting Defendant, Plaintiffs shall have the ongoing authority to serve this Order on Walmart.com and its related companies and affiliates, in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified on Walmart.com's marketplace platform or the marketplace platforms of Walmart.com's related companies and affiliates. Upon receipt of this Order,

Walmart.com and its related companies and affiliates, shall within seven (7) calendar days:

a. Identify all financial accounts and/or sub-accounts, associated with the internet-based e-commerce stores and websites identified as Defendants' online stores, identification numbers of Defendants' infringing product listings, and the email addresses identified on Schedule "A" to Plaintiff's Complaint, as well as any other accounts of the same customer(s);

b. Identify all other accounts which transfer funds into the same financial institution account(s), and/or any of the other financial accounts subject to this Order;

c. Restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into Defendants' respective financial accounts, and any other financial accounts tied thereto;

d. Release all monies, up to the above-identified damages award, restrained in Defaulting Defendants' financial accounts to Plaintiff as partial payment of the above-identified damages award within seven (7) calendar days of receipt of this Order.

8. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to Defaulting Defendants by email at the email addresses provided for Defaulting Defendants by Third Party Providers.

9. The Five Thousand Dollars ($5,000.00) bond posted by Plaintiff pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c) are hereby released to Plaintiff or its counsel, Bole Yuan, Esq. The Clerk of the Court is directed to return the bond previously deposited with the Clerk of the Court to Plaintiff or its counsel.

BY THE COURT:

***/s/ Gerald J. Pappert***

Gerald J. Pappert, J.